# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                     No. CV 12-0994 JEC/WDS
                                         CR 10-3299 JEC

MARTIN EDEL RODRIGUEZ-VALDEZ,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under rules 4(b), 11(a) of the Rules Governing Section 2255 Cases, on Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence (CV Doc. 1; CR Doc. 29). Defendant also filed a memorandum of law in support of his § 2255 motion (CV Doc. 2; CR Doc. 30). His central claim is that his sentence should have received the benefit of the new "fast-track" program that was implemented in this District after he was sentenced. He also argues that implementation of the "fast-track" program established a new accrual date for the one-year limitations period applicable to his § 2255 motion. The Court will dismiss the motion.

On April 21, 2011, the Court entered judgment (CR Doc. 25) on Defendant's conviction. Defendant did not appeal the conviction or sentence, and thus his conviction became final fourteen days later when the time for filing an appeal expired. *See United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006); *and see United States v. Sandoval*, 371 F. App'x 945, 948 n. 2 (10th Cir. 2010) ("2009 Amendments to the Federal Rules of Appellate Procedure extended the time to appeal

a final judgment in a criminal case from ten to fourteen days").  On September 21, 2012, more than

sixteen months after his conviction became final, Defendant filed his § 2255 motion.

The applicable one-year limitation period in § 2255 had expired when Defendant filed his

§ 2255 motion, *see United States v. Willis*, 202 F.3d 1279, 1280 (10th Cir. 2000), and the motion

must be dismissed unless, as Defendant asserts, the motion is subject to a later accrual date, *see, e.g.*,

*Dodd v. United States*, 545 U.S. 353, 356-57 (2005).  Defendant is clearly aware of the limitations

issue with his § 2255 motion, and in both his motion and his memorandum makes arguments for

allowing the § 2255 motion to proceed on the merits.  A district court typically should not dismiss

*sua sponte* a § 2255 motion as time barred without giving the defendant notice and an opportunity

to respond.  *Cf. Hare v. Ray*, No. 00-6143, 2000 WL 1335428, at **1 (10th Cir. Sept. 15, 2000)

(noting that timeliness of § 2254 petition was raised *sua sponte* and allowing response); *Hines v.*

*United States*, 971 F.2d 506, 507-09 (10th Cir. 1992) (same for procedural default in § 2255

proceeding).  Here, however, Defendant has raised and briefed the issue of timeliness in both his

§ 2255 motion and his brief.

The statutory provision that Defendant invokes in his timeliness argument does not aid his

motion.  As pertinent here, under § 2255(f)(3) the one-year limitations period accrues on the date

that the right asserted by Defendant is initially recognized by the Supreme Court.  *See* § 2255(f)(3);

*Dodd*, 545 U.S. at 356-57.  And the newly recognized right must be made retroactively applicable.

*See* § 2255(f)(3); *Dodd*, 545 U.S. at 356-57.  As to the first factor, "The Department of Justice's

Fast–Track Policy . . . did not create any substantive or procedural rights for Defendant."  *United*

*States v. Seledon-Lopez*, No. 2:09-cr-0246-RLH-RJJ, 2012 WL 1744535, at *1 (D. Nev. Mar. 15,

2012).  And second, even if the program had created rights, "[t]he [2012] fast-track program . . . is

not retroactive.  Accordingly, defendant is not entitled to the benefits of the fast-track program."

2

*United States v. Ojeda-Texta*, Criminal No. 10-156, 2012 WL 4210292, at *2 (E.D. La. Sept. 19, 2012) (citing *United States v. Garcia-Ugarte*, 688 F.3d 314, 317 n. 1 (7th Cir. 2012) (noting that fast-track consideration was not available for a sentence imposed before program's implementation); *and see United States v. Rascon-Olivas*, No. 10-CR-0230(21) (PJS/FLN), 2012 WL 695838, at *1 n. 1 (D. Minn. Feb. 28, 2012) ("The new fast-track program is not retroactive."). The implementation of the fast-track program in this District, therefore, did not re-start the accrual date of the limitations period applicable to Defendant's § 2255 motion. The Court has considered Defendant's articulate arguments regarding the limitation period applicable to his § 2255 motion, and he is clearly not prejudiced by being denied a second opportunity to brief the issue. Defendant's § 2255 motion is untimely.

Alternatively, even if Defendant's § 2255 motion were timely, no relief is available on his claim of sentencing disparity. "[Defendant]'s argument regarding the disparity between fast-track and non-fast-track jurisdictions has been heavily litigated for many years." *Jimenez v. United States*, No.12 Civ. 2697 (BMC), 2012 WL 1965411, at *2 (E.D.N.Y. May 31, 2012). In the Tenth Circuit, "[W]here the circumstances warrant, a district court in a non-fast-track district has the discretion to vary from a defendant's applicable guideline range based on fast-track sentence disparities." *United States v. Lopez-Macias*, 661 F.3d 485, 492 (10th Cir. 2011). On the other hand, "a 'generalized argument' in which a defendant simply points to the disparity created by fast-track programs "is alone not sufficient to justify such a variance.' " *Id.* at 495 (citation omitted). And finally, the Tenth Circuit rule allowing consideration of fast-track disparity at sentencing "does not form a basis for post-sentence relief." *United States v. Perez-Lopez*, No. 10-CR-0011-001-CVE, 2012 WL 951406, at *1-*2 (N.D. Okla. Mar. 20, 2012) (noting lack of authority, post-judgment, to reduce sentence based on asserted fast-track disparity). Defendant is not entitled to relief on his sentencing claim,

§ 2255 R. 4(b), and the motion will be dismissed.

Furthermore, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines that Defendant has failed to make a substantial showing that he has been denied a constitutional right.  The Court will therefore deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence (CV Doc. 1; CR Doc. 29) is DISMISSED with prejudice; a certificate of appealability is DENIED; and judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE